IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | | |
|---|---|---|
| CANDACE Y. HINTON and LARRY G. DUKES, as Administrators of the Estate of MELVIN W. DUKES, deceased | * * * * * | |
| Plaintiffs | * * | NO: 5:13CV00263 SWW |
| VS. | * * | |
| CORIZON HEALTH, INC., ET AL. | * * | |
| Defendants | * * | |

## ORDER

Plaintiffs Candace Hinton and Larry G. Dukes, as Administrators of the Estate of Melvin W. Dukes, bring this action pursuant to 42 U.S.C. § 1983. Plaintiffs claim that Melvin W. Dukes ("Dukes") died during his incarceration at the Arkansas Department of Correction ("ADC") as a result of receiving inadequate medical care in violation of the Eighth Amendment. Plaintiffs also bring supplemental state law claims for wrongful death. Among the named defendants are Allcare Correctional LLC ("Allcare") and Corizon Health, Inc. ("Corizon"). On April 17, 2014, AllCare filed a motion for partial summary judgment, seeking dismissal of all claims against it (ECF Nos. 21, 22, 23). The Court granted an extended period of time in which to file a response, but the response deadline has expired, and Plaintiffs have not responded. After careful consideration, and for reasons that follow, Allcare's motion for summary judgment is granted, and all claims against the separate defendant are dismissed with prejudice.

**I.**

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As a prerequisite to summary judgment, a moving party must demonstrate "an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has properly supported its motion for summary judgment, the non-moving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The non-moving party may not rest on mere allegations or denials of his pleading but must come forward with 'specific facts showing a genuine issue for trial. *Id*. at 587. "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49 F.3d 399, 401 (8th Cir. 1995).

## II.

For purposes of the present motion, the following facts are undisputed.[1] On August 17, 2011 Dukes fell and fractured his jaw while housed at the ADC Diagnostic Unit. At the time, the ADC received medical services from Corizon and pharmacy services from Allcare. Dukes's medical records contained several entries warning that he was allergic to penicillin, and a doctor

---

[1] Local Rule 56.1 provides that a party moving for summary judgment must submit a statement of the material facts as to which it contends there is no genuine issue to be tried, and the non-moving party must file a responsive statement of the material facts as to which it contends a genuine issue exists to be tried. "All material facts set forth in the statement filed by the moving party . . . shall be deemed admitted unless controverted by the statement filed by the non-moving party . . . ." Local Rule 56.1(c).

who worked for Corizon prescribed Amoxicillin, a derivative of penicillin, for Dukes's injury. Allcare received a request to fill the aforementioned prescription for Amoxicillin, but it declined to fill the prescription.

### III.

Plaintiffs sue Allcare for negligence and inadequate medical care in violation of the Eighth Amendment.

<u>42 U.S.C. § 1983</u>

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription of cruel and unusual punishment. A corporation acting under color of state law may be held liable under § 1983 for its own unconstitutional policies but will not be liable under a respondeat superior theory. *See Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir.1993)(holding that a corporation acting under color of state law is liable under § 1983 only for its own unconstitutional policies, and the proper test is whether there is policy, custom, or action by those who represent official policy that inflicts injury actionable under § 1983).

According to the complaint allegations, Allcare employees filled the prescription for Amoxicillin, and Dukes suffered a severe allergic reaction after Corizon employees administered several doses of the drug. Plaintiffs charge that Allcare failed to have a system in place that prevented Dukes from receiving a medication for which he had a documented allergy.

Allcare has come forward with undisputed evidence that during the relevant time period, it maintained a list of known patient allergies in its computer system, and if a request to fill a prescription for a known allergen was entered, the system notified the pharmacist about the allergy, and no prescription number was created. *See* ECF No. 21-1, ¶ 9. It is undisputed that at

the time in question, Allcare had information that Dukes was allergic to penicillin, among other drugs. It is also undisputed that on August 17, 2011, Allcare received orders to fill several prescriptions for Dukes, including Amoxicillin, but the prescription for Amoxicillin was not filled. Given these undisputed facts, Plaintiff is unable to show that Allcare maintained a policy or custom or took official action that caused Dukes's injury. Accordingly, Plaintiffs' claim under § 1983 must be dismissed.

### Negligence

It is undisputed that Allcare did not fill the prescription at issue. However, Plaintiffs charge that Allcare failed to maintain a system to ensure "that an inmate's prescribing physician was notified if he or she prescribed a medication . . . to which the inmate had a documented allergy." Compl. at 24-25.

In *Kowalski v. Rose Drugs of Dardanelle, Inc.*, 2011 Ark. 44, 378 S.W.3d 109 (2011), the Supreme Court of Arkansas held that a pharmacist has no general duty to warn, no duty to refuse to fill legally written prescriptions, and no duty to consult with a prescribing physician regarding potentially lethal prescriptions. "The characteristics of the parties and the circumstances of their encounter may trigger a unique duty that imposes a distinct standard of care that departs from the typical standard of ordinary care." *Chew v. American Greetings Corp*, Nos. 13-1966, 13-1751, — F.3d ----, 2014 WL 2609627, *2 (8th Cir. 2014 June 12, 2014)(citing *Kowalski v. Rose Drugs of Dardanelle, Inc*., 2011 Ark. 44, 378 S.W.3d 109, 114–15 (2011)). Here, however, it is undisputed that Dukes's penicillin allergy was well documented in his prison medical records and that Allcare's information regarding Dukes's allergy came from Corizon. Plaintiffs are unable to show that Allcare had knowledge superior to that of the treating physician or that circumstances justify the imposition of a special duty to warn or to consult

with Corizon's doctors or employees.

**IV.**

For the reasons stated, the Court finds no genuine issues for trial as to Plaintiffs' claims against Separate Defendant Allcare Correctional LLC.  Allcare's motion for partial summary judgment (ECF No. 21) is GRANTED, and all claims against Allcare are DISMISSED WITH PREJUDICE.

IT IS SO ORDERED THIS 29TH  DAY OF JULY, 2014.

                                      /s/Susan Webber Wright
                                      UNITED STATES DISTRICT JUDGE